**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

Nos. 92-2903 and 92-2908

REBECCA T. HUBBARD and JIM HUBBARD,

Plaintiffs-Appellants,

VERSUS

BLUE CROSS & BLUE SHIELD ASSOCIATION, ET. AL.,

Defendants,

BLUE CROSS & BLUE SHIELD ASSOCIATION,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

(January 12, 1995)

Before JONES and DeMOSS, Circuit Judges, and SCHWARTZ, District
Judge.[*]

DeMOSS, Circuit Judge:

Plaintiff Rebecca Hubbard[1] was a beneficiary under a group
insurance policy regulated by the Employee Retirement Income

---

[*]District Judge for the Eastern District of Louisiana, sitting
by designation.

[1]The original plaintiffs were Rebecca Hubbard and her husband,
Jim Hubbard. For convenience this opinion uses the designation
"Hubbard."

Security Act ("ERISA").[2] This appeal concerns whether Hubbard's state-law fraudulent inducement claims -- brought against a third party other than the insurer -- are preempted by ERISA. We hold that one of Hubbard's claims is preempted by ERISA and that the other claim is not preempted. We therefore AFFIRM the district court's entry of judgment in favor of the defendant on one claim, and REMAND the other claim back to the district court.

BACKGROUND

Hubbard's employer, Texas A&M Research Foundation, provided an ERISA-regulated health benefits plan to its employees. Coverage was provided by Blue Cross and Blue Shield of Texas ("Blue Cross of Texas"), an entity not a party to this lawsuit. While Hubbard was a beneficiary under the health plan, she contracted cancer.[3] After Blue Cross of Texas refused to provide coverage for certain requested cancer treatments, Hubbard sued defendant-appellee Blue Cross and Blue Shield Association ("the Association") in the district court of Brazos County, Texas.[4] Hubbard claims that (1)

---

[2] 29 U.S.C. § 1001 *et seq.* (West 1985 & Supp. 1994).

[3] This was the second time Mrs. Hubbard had contracted cancer. She had a bout with breast cancer in the early 1980s, but that cancer had been pronounced cured well before she entered into the Blue Cross of Texas plan.

[4] The insurer, Blue Cross of Texas, and the defendant-appellee, Blue Cross and Blue Shield Association, are separate legal entities despite their similar names. The Association is incorporated in Illinois and is the trademark corporation that administers the licensing of the "Blue Cross" and "Blue Shield" registered trademarks. The Association did not issue the Hubbards' insurance policy and did not have the right or power to make coverage decisions under that policy.

The insurer, a Texas corporation, was never a party to this lawsuit. Hubbard settled her coverage dispute with Blue Cross of

the Association generated and disseminated secret policy interpretation "guidelines" which were followed by Blue Cross of Texas in denying coverage for Hubbard's treatment, and that the Association willfully concealed such guidelines from Hubbard, thereby fraudulently inducing her to participate in the Blue Cross of Texas plan rather than procuring other, adequate, health coverage; and (2) the Association disseminated advertisements in Texas that portrayed Blue Cross of Texas "as an honest and forthright company that would never engage in deceptive trade practices," thus fraudulently inducing her into participating in the "unsuitable" Blue Cross of Texas plan. Hubbard claimed that both acts by the Association were in violation of the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE ANN. § 17.41 *et seq.* ("DTPA"), Texas Insurance Code Article 21.21 *et seq.*, and the Texas common law of fraud. Hubbard also alleged malpractice against her physician, Richard A. Smith of Brazos County, Texas, claiming he negligently failed to diagnose the cancer.

The Association removed the case to federal district court, contending that Hubbard's state-law claims were completely preempted by ERISA.[5] The plaintiffs and defendant Smith moved to

---

Texas in a separate action. That settlement provided for a payment of $12,500 to be divided among Hubbard, her minor children and her attorney. <u>Blue Cross & Blue Shield of Texas, Inc. v. Hubbard</u>, Civ. No. 3-91CV2651-R (N.D. Tex. May 4, 1993) (final judgment approving settlement agreement).

[5]Ordinarily, preemption of state law by federal law is a defense to a plaintiff's state law claim, and therefore cannot support federal removal jurisdiction under the "well-pleaded complaint" rule. "Complete preemption," in contrast, exists when the federal law occupies an entire field, rendering any claim a

remand the case to Texas state court. After initially denying both motions, the court remanded the Hubbard's claims against Smith, but refused to remand their case against the Association.

On October 8, 1992, the district court granted summary judgment in favor of the Association on both of Hubbard's claims. The district court's four-page order concluded that all of the plaintiff's state-law fraudulent inducement claims were completely preempted by ERISA.[6] This appeal followed.

STANDARD OF REVIEW

We review a summary judgment de novo, under the same standard employed by the district court, affirming if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); United Fire and Cas. Co. v. Reeder, 9 F.3d 15, 16 (5th Cir. 1993); Hibernia Nat. Bank v. Carner, 997 F.2d 94, 97 (5th Cir. 1993).

ERISA PREEMPTION

The preemption clause in ERISA states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employer benefit plan." 29 U.S.C. §

---

plaintiff may raise necessarily federal in character. See Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 24 (1983). Because ERISA preemption is so comprehensive, it can provide a sufficient basis for removal to federal court even though it is raised as a defense, notwithstanding the "well-pleaded complaint" rule. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987).

[6]The district court also stated an alternate basis for its judgment, finding that "Plaintiffs have failed to set forth in their first amended complaint a factual basis for their state claims."

1144(a)(expressly excepting two situations not applicable here). State law causes of action such as Hubbard's are barred by § 1144(a) if (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities -- the employer, the plan and its fiduciaries, and the participants and beneficiaries. <u>Weaver v. Employers Underwriters, Inc.</u>, 13 F.3d 172, 176 (5th Cir. 1994); <u>Memorial Hosp. System v. Northbrook Life Ins. Co.</u>, 904 F.2d 236, 245 (5th Cir. 1990). The language of the ERISA preemption clause is deliberately expansive, and has been construed broadly by federal courts. <u>Corcoran v. United Healthcare, Inc.</u>, 965 F.2d 1321, 1328-29 (5th Cir. 1992). A state cause of action relates to an employee benefit plan whenever it has "a connection with or reference to such a plan." <u>Id</u>. at 1329 (citing <u>Shaw v. Delta Air Lines, Inc.</u>, 463 U.S. 85, 96-97 (1983)).

Hubbard makes two basic claims of fraudulent inducement. She first alleges that the Association issued, and concealed, secret coverage guidelines ("the secret guidelines claim"). Her second claim alleged fraudulent inducement in connection with the Association's advertisements for Blue Cross of Texas ("the advertisement claim").[7] If neither claim is preempted by ERISA, then the district court lacks subject matter jurisdiction, because both claims arise under state law and there is no diversity of

---

[7]According to Hubbard's petition, both of these courses of conduct by the Association are actionable under the Texas DTPA, the Texas Insurance Code and the Texas common law of fraud.

5

citizenship. If there is no federal jurisdiction, the case must be remanded to Texas state court.

However, we hold that Hubbard's claim involving the "secret guidelines" is preempted by ERISA, thus a federal question exists on that claim and the district court's exercise of jurisdiction was proper. Entry of summary judgment for the Association on that claim was also correct because ERISA provides no remedy. We hold that Hubbard's second claim, involving the Association's advertising, is not preempted by ERISA. We reverse the summary judgment as to the advertising claim and remand that part of the case so that the district court may exercise its discretion as to whether to accept supplemental jurisdiction pursuant to 28 U.S.C. § 1367 or remand the advertising claim to state court.

"SECRET GUIDELINES" CLAIM

Hubbard alleged that the Association "generated and disseminated to [Blue Cross of Texas] certain guidelines or criteria pertaining to how [Blue Cross of Texas] would interpret the terms `experimental' and `medically necessary.'"

> "[Blue Cross of Texas] looked to and relied upon certain criteria and guidelines promulgated by [the Association] in order to make determinations concerning whether specific medical treatments were or were not excluded from coverage by the above-noted policy language ... in effect, [the Association] added verbiage to the definitions of the aforementioned terms found in the insurance policy."

It is clear that ERISA preempts a state law cause of action brought by a plan beneficiary against the plan insurer alleging improper processing of a claim for plan benefits. Memorial Hospital, 904 F.2d at 245. We have also held that ERISA preempts state law claims

6

of fraud, breach of contract or negligent misrepresentation that have the effect of orally modifying the express terms of an ERISA plan and increasing plan benefits for participants or beneficiaries who claim to have been misled. Id. at 245. Hubbard's "secret guideline" claim was brought against a third party, the Association, rather than against the insurer. However, the essence of Hubbard's claim is that her benefits under the plan were improperly denied. Resolution of this claim would require an inquiry into (1) whether the Association generated and disseminated guidelines; (2) whether Blue Cross of Texas knew about those guidelines; (3) whether Blue Cross of Texas employed the alleged guidelines in Hubbard's case; and (4) whether the guidelines materially affected the determination of non-coverage in Hubbard's medical treatment. Such questions are intricately bound up with the interpretation and administration of an ERISA plan. Accordingly, we hold that the "secret guideline" claim relates to an employee benefit plan and is preempted by ERISA. See Corcoran v. United Healthcare Inc., 965 F.2d 1321, 1334 (5th Cir.)(holding that ERISA preempted state law claims against a non-ERISA entity, the utility review administrator for its decision that affected a benefit determination under the ERISA plan). Because ERISA provides no remedy on these facts, the district court correctly granted summary judgment in favor of the Association on Hubbard's secret guideline fraudulent inducement claim.

ADVERTISING CLAIM

Hubbard also alleged that the Association "distributed advertisements designed to promote Blue Cross [of Texas] as an honest and forthright company that would never engage in deceptive trade practices." Hubbard claimed that she "relied upon the images created by such advertising and [was] thereby induced to acquire the services of Blue Cross [of Texas]." Hubbard claims that she was damaged by the advertising in that she relied on the assurances of quality coverage and thus chose not to procure other insurance coverage to insure that the expensive medical treatments that she needed could be paid for.

Hubbard relies heavily on our holding in Perkins v. Time Ins. Co., 898 F.2d 470, 473 (5th Cir. 1990), which also involved fraudulent inducement allegations against a third-party, non-ERISA entity. In Perkins, the plaintiff claimed that an insurance agent fraudulently induced him to surrender his previous insurance coverage and elect to participate in a new ERISA plan. The agent falsely assured the plaintiff that the new policy would cover his daughter's impending treatment for congenital eye defects. In fact, the treatment was not covered under the policy because the eye problem was an excluded pre-existing condition. Perkins, 898 F.2d at 472. We held that, although the claim against the insurer, Time Insurance, was preempted by ERISA, the claim against the insurance agent was not preempted.

> "While ERISA clearly preempts Perkins' claims as they relate to Time, the same cannot be necessarily said, however, as regards [the insurance agent]'s solicitation of Perkins, which allegedly induced him to forfeit an

8

insurance policy that covered his daughter's condition for one that did not. While ERISA clearly preempts claims of bad faith as against insurance companies for improper processing of a claim for benefits under an employee benefit plan, and while ERISA plans cannot be modified by oral representations, we are not persuaded that his logic should extend to immunize agents from personal liability for their solicitation of potential participants in an ERISA plan prior to its formation."

Perkins, 898 F.2d at 473. Thus, Perkins held that a state law fraudulent inducement claim against a third party other than an ERISA entity is not preempted by ERISA if it does not implicate the plan's administration of benefits or "affect the relations among the principal ERISA entities (the employer, the plan fiduciaries, the plan and the beneficiaries)." Id. We reaffirmed the Perkins rationale in Memorial Hospital, 904 F.2d at 247, where we stated that courts are less likely to find preemption when the claim merely affects relations between an ERISA entity and an outside party, rather than between two ERISA entities. Memorial Hospital, 904 F.2d at 249 (citing Perkins, 898 F.2d at 473; Sommers Drug Stores Co. Employee Profit Sharing Trust v Corrigan Enterprises, Inc., 793 F.2d 1456, 1467 (5th Cir. 1986), cert. denied, 479 U.S. 1034 (1987).). Therefore, we hold that Hubbard's advertising claim is not preempted by ERISA.

In light of this holding, we remand the advertising claim to the district court so that the court can exercise its discretion either to (1) accept supplemental jurisdiction over the state law claim or (2) decline jurisdiction and remand the claim to state court. A federal district court may entertain state law claims pursuant to its "supplemental jurisdiction," provided that the

9

claims arise from the case or controversy over which the district court had original jurisdiction. See 28 U.S.C. § 1367; Welch v. Thompson, 20 F.3d 636, 644 (5th Cir. 1994). When all federal claims are dismissed, the district court enjoys wide discretion in determining whether to retain jurisdiction over the remaining state law claims. Welch, 20 F.3d at 644; Burns-Toole v. Byrne, 11 F.3d 1270, 1276 (5th Cir. 1994)(both upholding district courts' refusal to exercise jurisdiction); see also Rodriquez v. Pacificare of Texas, Inc., 980 F.2d 1014, 1017-18 & n.3 (5th Cir. 1993)(upholding district court's exercise of supplemental jurisdiction over non-preempted state law claims when other state law claims by plaintiff were preempted by ERISA).

                              CONCLUSION

     Therefore, for the reasons stated in this opinion, we hold that Hubbard's secret guideline claim is preempted by ERISA, and that her claim alleging fraud in the Association's advertising was not preempted. We therefore AFFIRM the district court's entry of judgment in favor of the defendant on the secret guideline claim, and REMAND the advertising claim back to the district court so that the court can exercise its discretion as to whether to accept jurisdiction or remand to state court.[8]

     AFFIRMED in part, REVERSED and REMANDED in part.

_____

     [8]"We expressly do not rule on the sufficiency of the pleading of Hubbard's state law claims in this opinion since that issue is not ripe for determination until the district court rules regarding pendent jurisdiction."