Joseph SILVA, et al., Plaintiffs,

v.

**KAISER PERMANENTE, et al, Defendants.**

No. Civ.A. 3–98–CV–0767–L.

United States District Court, N.D. Texas, Dallas Division.

May 25, 1999.

Shirley Sutherland, Dallas, TX, for Plaintiffs.

John A. Scully, Paige A. Lueking, Lanette L. Lutich, Cooper & Scully, P.C., C. Michael Moore, Stacy Jordan Rodriguez, Locke Liddell & Sapp, LLP, Dallas, TX, for Defendants.

## MEMORANDUM OPINION AND ORDER

LINDSAY, District Judge.

Before the court is Plaintiffs' Motion to Remand, filed December 10, 1998. After careful consideration of the motion, response, the pleadings on file in this case, and the applicable law, Plaintiffs' Motion to Remand is hereby **denied.**

## I. *Factual and Procedural Background*

Elva Silva's family ("Plaintiffs") has sued Kaiser Permanente ("Kaiser") and several doctors alleging claims for medical malpractice and negligence. They allege that in January 1995 she was misdiagnosed by the doctors at Kaiser as having hepatitis C when in fact she had non-Hodgkins lymphoma. By the time the correct diagnosis was made about a year later, the cancer had progressed and chemotherapy was not successful. Eventually Silva died of lymphoma.

This case was originally filed in state court on January 20, 1998. On March 6, 1998. Plaintiffs filed their First Amended Original Petition. Defendants determined that the First Amended Petition contained causes of action that were removable to federal court, and they filed then, Notice of Removal on March 24, 1998. The notice of removal alleges that Plaintiffs' First Amended Petition states federal questions under ERISA. On August 11, 1998 Plaintiffs moved for leave to amend their pleadings. Leave was granted on October 6, 1998, and Plaintiffs' Second Amended Complaint was filed the same day. On December 10, 1998, Plaintiffs filed their Motion to Remand.

## II. *Plaintiffs' Motion to Remand*

Plaintiffs contend that removal was improper because their claims arise solely under agency and negligence theories and are not claims for benefits under an ERISA plan, which would be preempted.

On Plaintiffs' Motion to Remand, Defendants bear the burden of showing that removal was proper and establishing the federal court's jurisdiction over the case. *Winters v. Diamond Shamrock Chemical Co.,* 149 F.3d 387, 397 (5th Cir. 1998), *cert. dented.* —— U.S. ——, 119 S.Ct. 1286, 143 L.Ed.2d 378 (1999); *Frank v. Bear Stearns & Co.* 128 F.3d 919, 921–22 (5th Cir.1997). Whether removal was proper is determined by the complaint at

the time of removal. *Metro Ford Truck Sales, Inc. v. Ford Motor Co.,* 145 F.3d 320, 326 (5th Cir.1998), *cert. denied.* —— U.S. ——, 119 S.Ct. 798, 142 L.Ed.2d 660 (1999); *Brown v. Southwestern Bell Telephone Co.,* 901 F.2d 1250, 1254 (5th Cir. 1990). Amendment of pleadings following removal will not divest the court of its subject matter jurisdiction. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1336 (5th Cir1995); *Cavallini v. State Farm Mutual Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir. 1995). Thus, the propriety of removing this case to federal court will turn on the allegations in Plaintiffs' First Amended Original Petition.

■■■ Federal question jurisdiction exists when a federal question appears on the face of the plaintiff's properly pleaded complaint. *Sam L. Majors Jewelers v. ABX, Inc.,* 117 F.3d 922, 924 (5th Cir. 1997). Defendants contend that the following allegations found in Plaintiffs' First Amended Petition give rise to a federal question:

> Kaiser Permaneme engaged in a practice of negligent cost containment through the use of its programs of utilization review and the payment of incentives to its named co-defendants (the physicians). The use of cost containment programs denied Plaintiff. adequate treatment and limited the use of diagnostic procedures Specifically, the cost containment programs limited the care, treatment and testing available to Mrs. Silva.
> Kaiser Permanente negligently formed financial incentive agreements with Mrs. Silva's health care providers. These agreements resulted in poor care to Plaintiff.
> Kaiser Permanente tortiously interfered with the patient-doctor relationship.

Plaintiffs' First Amended Original Petition at p. 6. In support of removal, Defendants rely on case law stating that allegations challenging the manner in which an HMO or other entity administers benefits in conjunction with an ERISA plan.

One case cited by Defendants is *Corcoran v. United HealthCare, Inc.,* 965 F.2d 1321 (5th Cir.), *cert. denied,* 506 U.S. 1033, 113 S.Ct. 812, 121 L.Ed.2d 684 (1992). In *Corcoran,* the plaintiff's obstetrician recommended complete bed rest during the final months of plaintiff's pregnancy, and as she neared her delivery date admitted her to the hospital for round the clock fetal monitoring. 965 F.2d at 1321–23. A utilization review program employed by the plaintiff's health insurer determined that hospitalization was not necessary and only agreed to cover in-home nursing care for 10 hours a day. *Id.* at 1324 Because the insurance company refused to cover her hospital stay, the plaintiff returned home, and while she was at home with no nurse on duty, her baby went into distress and died. *Id.*

■■ The plaintiffs initiated their case in state court, and the HMO removed it to federal court, claiming ERISA preemption and complete diversity between the parties. Eventually the district court granted summary judgment for the defendants. On appeal, the plaintiffs argued that their case was only a case of medical malpractice brought under state law, and that the district court erred by applying ERISA. *Id.* at 1330. The Fifth Circuit disagreed and held that ERISA was implicated because the suit involved a dispute over a benefit determination made under the plan. *Id.* at 1332. The court emphasized that the HMO was making medical decisions due to a cost containment feature of the plan and thus "implicated the management of plan assets." *Id.* at 1333 n. 16. In at least one other recent case regarding the denial of certain medical treatments under a health insurance plan, the Fifth Circuit has similarly held, and other circuits have also held that claims regarding plan guidelines and utilization review procedures are preempted. *See Hubbard v. Blue Cross & Blue Shield Assn.,* 42 F.3d 942 (5th Cir.), *cert. denied,* 515 U.S. 1122, 115 S.Ct. 2276, 132 L.Ed.2d 280 (1995)

(claim regarding denial of cancer treatments deemed "experimental" by plan guidelines was preempted by ERISA). *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482 (7th Cir.1996) (negligence claim arising out of utilization review program's denial of physical therapy was preempted as a "denial of benefit" claim under ERISA).

In response, Plaintiffs rely on several cases wherein federal courts found that ERISA did not preempt the plaintiffs' state law negligence claims. *See Dukes v. U.S. Healthcare. Inc.*, 57 F.3d 350 (3d Cir.), *cert. denied*, 516 U.S. 1009, 116 S.Ct. 564, 133 L.Ed.2d 489 (1995); *Rice v. Panchal*, 65 F.3d 637 (7th Cir.1995); and *Pickett v. Cigna Healthplan of Texas, Inc.*, 742 F.Supp. 946 (S.D.Tex.1990). *See also Gabner v. Metropolitan Life Ins. Co.*, 938 F.Supp. 1295 (E.D.Tex.1996) (plaintiff's claim that carrier misrepresented cost of policy not preempted). In all of these cases, the reviewing courts held that the plaintiffs' malpractice and other state law claims were not preempted by ERISA; however, these cases are inapposite to the instant case and decisions such as *Corcoran* and *Hubbard*. In the cases cited by Plaintiffs, the plaintiffs sued the health plans under responder superior or similar theories, alleging that they should be held responsible for the negligence of the doctors they employed. Therefore, these claims did not implicate the administration of plan benefits the way the Plaintiffs' claims do here.

In the instant case, Plaintiffs allege that Silva's death resulted from Kaiser's decisions and restrictions concerning plan benefits. Specifically, Plaintiffs have alleged that Kaiser's cost containment and utilization review procedures limited Silva's diagnostic testing and treatment options, which caused the misdiagnosis of her illness and failure to treat her lymphoma in its early stages. These assertions amount to a claim for denial of ERISA plan benefits; therefore, Plaintiffs' claims against Kaiser are preempted by ERISA. The court has

subject matter jurisdiction over this case under 28 U.S.C. § 1331. Plaintiffs' Motion to Remand is **denied.**

**SO ORDERED.**