*513 EMILIO M. GARZA, Circuit Judge,
concurring in part and dissenting in part:
The majority decides that the Employee Retirement Income Security Act of 1974 (“ERISA”) completely preempts the claims of Louis and Lou Heimann (“the Heim-anns”) and that the Heimanns allege facts legally sufficient to state a claim under ERISA. I agree with the first holding, but disagree with the second one. Accordingly, I concur in part and dissent in part.
I
The Heimanns sued the International Union of Elevator Constructors (“IUEC”) and Ken Burkett, the Business Representative for IUEC Local No. 133, in Texas court. In their petition, they averred that their benefits from The National Elevator Industry Health Benefit Plan (“Plan”) and Louis Heimanns’ benefits from The National Elevator Industry Pension Fund (“Fund”) were discontinued after Burkett misrepresented to the Plan and the Fund that Louis Heimann was engaged in disqualifying employment.[1] Based on this contention, the Heimanns charged IUEC and Burkett with intentional infliction of emotional distress and tortious interference with a contract.
IUEC and Burkett removed the case to federal district court, alleging that ERISA and the Labor Management Relations Act (“LMRA”) preempted the Heimanns’ claims.[2] The Heimanns responded with a motion to remand for lack of jurisdiction. The district court denied the motion, finding ERISA to preempt the claims.[3]
IUEC and Burkett subsequently filed a motion to dismiss the Heimanns’ claims as preempted by ERISA. The Magistrate Judge, to whom the motion was referred, recommended dismissal. The Heimanns objected. At the end of their objections, they stated, “If the Court is of the opinion that [we] ... should specifically plead a claim under [ERISA] ..., then [we] ... request leave to filed an Amended Complaint in this matter.” The district court agreed with the Magistrate Judge, and granted the motion to dismiss. In doing so, it failed to act on the Heimanns’ request for leave to amend their pleading. “Although Plaintiffs’ motion to remand was denied ..., Plaintiffs have not sought leave of Court to amend their complaint to add a claim under ERISA section 502(a),” it mistakenly stated. The Heimanns timely appealed.
II
The Heimanns first challenge the denial of their motion to remand for lack of jurisdiction, arguing that ERISA does not preempt their claims. We review the district court’s refusal to remand de novo. See McClelland v. Gronwaldt, 155 F.3d 507, 511 (5th Cir.1998).
District courts possess jurisdiction over actions removed from state court that include one or more state-law claims completely preempted by ERISA. See Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 336-37 (5th Cir.1999). ERISA completely preempts state-law claims that fall within (1) its express preemption provision, see 29 U.S.C. § 1144(a) (section 514(a)),[4] and (2) its civil enforcement provi *514 sion, see id. § 1132(a) (section 502(a)).[5] See McClelland, 155 F.3d at 517-19. The plaintiffs well-pleaded complaint ordinarily determines whether or not a state-law claim meets the two criteria for complete preemption.[6] See id. at 512 n. 11.
I agree with the majority that the Heim-anns’ claims satisfy our test for complete preemption. The claims come within ERISA’s express preemption provision. To resolve them, the fact-finder must decide: (1) whether or not the IUEC, through Burkett, notified the Plan and the Fund that Louis Heimann was engaged in disqualifying employment; (2) whether or not Louis Heimann was engaged in disqualifying employment; and (3) whether or not the Plan and the Fund discontinued benefits because the IUEC, through Burk-ett, told them that Louis Heimann was engaged in disqualifying employment.[7] Because these issues are intricately bound up with the interpretation and administration of an ERISA plan, the claims relate to an ERISA plan, and therefore are subject to ordinary preemption. See Hubbard v. Blue Cross & Blue Shield Ass’n, 42 F.3d 942, 946 (5th Cir.1995) (holding that state-law claim alleging that a third party caused the denial of benefits under an ERISA plan is subject to ordinary preemption). The claims also fall within the scope ERISA’s civil enforcement provision in that they seek relief for an alleged wrongful denial of benefits due under ERISA plans. See 29 U.S.C. § 1132(a)(1)(B). Accordingly, the district court did not err in denying the Heimanns’ motion to remand for lack of jurisdiction.[8]
Ill
The Heimanns also dispute the district court’s dismissal of their claims as preempted by ERISA. We review a dismissal for failure to state a claim de novo. See Doe ex rel. Doe v. Dallas Indep. Sch. Dist., 153 F.3d 211, 215 (5th Cir.1998). In deciding whether or not a complaint states a valid claim for relief, we consider its allegations in the light most favorable to the plaintiffs and resolve every doubt in their favor. See Lowrey v. Texas A & M Univ., 117 F.3d 242, 247 (5th Cir.1997).
I disagree with the majority that the Heimanns have stated valid claims for re *515 lief. IUEC and Burkett sought dismissal of the Heimanns’ claims as subject to ordinary preemption after the district court decided not to remand. Having already found the claims to come within ERISA’s express preemption provision in determining that complete preemption provided a jurisdictional basis for removal, the district court granted the motion to dismiss. This disposition was entirely proper. See Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1215 (11th Cir.1999) (ERISA case) (affirming the district court’s finding of jurisdiction based on complete preemption and subsequent dismissal (with leave to refile) of the plaintiffs claims as subject to ordinary preemption) (citing McClelland v. Gronwaldt, 155 F.3d 507, 517 (5th Cir.1998), for the proposition that “[i]f the plaintiffs claims are superpreempted [i.e., completely preempted], then they are also defensively preempted”).
I appreciate that affirming the dismissal of the claims seems harsh in light of the Heimanns’ motion for leave to amend their pleading to allege an ERISA claim. See JAMES F. JORDEN ET AL., HANDBOOK on ERISA Litigation § 2.07[A] (2d ed. Supp.1999) (“If [ordinary preemption is] raised by a motion to dismiss, counsel should anticipate that the plaintiff may be afforded one or more opportunities to amend the complaint, including the opportunity to redraft factual allegations and to add a claim for relief under ERISA.”); see also Griggs v. Hinds Junior College, 563 F.2d 179, 180 (5th Cir.1977) (per curiam) (“Granting leave to amend is especially appropriate, in cases such as this, when the trial court has dismissed the complaint for failure to state a claim.”). However, the Heimanns have chosen not to make the district court’s inaction on their motion for leave to amend an issue on appeal.[9] Faced with this situation, we must let the dismissal stand. See Light v. Blue Cross & Blue Shield of Ala., Inc., 790 F.2d 1247, 1248 n. 2 (5th Cir.1986) (affirming grant of summary judgment on claims subject to ordinary preemption) (refusing to consider the plaintiffs’ argument that the district court erred in failing to allow them to amend their complaint to state a claim under ERISA because the argument was not raised in the plaintiffs’ initial brief).
IV
I conclude that the district court was correct not only in refusing to remand for lack of jurisdiction, but also in subsequently dismissing the state-law claims comprising this action.
Accordingly, I concur in part and dissent in part.

. During his career, Louis Heimann and his employers, Otis Elevator Company and Montgomery Elevator Company, “each [had] made contributions to the Plan and the Fund in accordance with provisions of the applicable Standard Agreements which were in effect from time to time, and which had been negotiated by IUEC an National Elevator Industry, Inc., a multi-employer bargaining unit.”

. Following removal, the action against IUEC and Burkett was consolidated with an action that the Heimanns had filed against the Plan and the Fund. The Heimanns later settled with the Plan and the Fund.

. The district court expressed no opinion on the LMRA's effect on the claims.

. Section 514(a) declares that ERISA (subject to several exceptions inapplicable here) "supersedes any and all State laws insofar as they may now or hereafter relate to any employee benefit plan” subject to regulation under ERISA (“ERISA plan”). 29 U.S.C. *514 § 1144(a). As such, it establishes that ERISA overrides, among other things, state-law claims raising factual issues that "are intricately bound up with the interpretation and administration of an ERISA plan.” Hubbard v. Blue Cross & Blue Shield, 42 F.3d 942, 946 (5th Cir.1995). Courts usually characterize the type of preemption arising under section 514(a) as conflict, defensive, or ordinary preemption. See Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir.1999); Giles v. NYLCare Health Plans, 172 F.3d 332, 337 (5th Cir.1999).

. We previously have “note[d] that there ex- • ists some ambiguity in the caselaw as to whether the scope of complete preemption is limited only to those claims falling within section 502(a)(1)(B), or whether complete preemption encompasses all claims falling within the scope of section 502(a).” McClelland v. Gronwaldt, 155 F.3d 507, 517 n. 34 (5th Cir.1998).

. For discussion of the well-pleaded complaint rule, see Metropolitan Life Insurance Company v. Taylor, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (ERISA case).

. Based on the allegations in the Heimanns’ petition, I conclude that the Plan and the Fund are ERISA plans, see 29 U.S.C. § 1002(1)-(3) (defining the different kinds of ERISA plans); Kenney v. Roland Parson Contracting Corp., 28 F.3d 1254, 1257-59 (D.C.Cir.1994) (deciding whether or not a plan meets ERISA’s definition of "pension plan”); Hansen v. Continental Ins. Co., 940 F.2d 971, 976-78 (5th Cir.1991) (deciding whether or not a plan meets ERISA’s definition of "employee welfare benefit plan”), Louis Heimann is a participant in the Fund and the Plan, see 29 U.S.C. § 1002(7) (defining "participant”), and Lou Heimann is a beneficiary of the Plan, see id. § 1002(8) (defining "beneficiary”).

. Unlike the majority, I see no reason to provide an additional ground for affirming the denial of the motion to remand for lack of jurisdiction. See Boggs v. Boggs, 520 U.S. 833, 841, 117 S.Ct. 1754, 1760, 138 L.Ed.2d 45 (1997).

. The majority holds that the Heimanns do not need to amend because their petition pleads facts legally sufficient to state a claim under ERISA. In support of this determination, it cites the longstanding rule that a complaint need not correctly categorize legal theories giving rise to the claims, but only must allege facts upon which relief can be granted to survive a motion to dismiss for failure to state a claim. See Rathborne v. Rathborne, 683 F.2d 914, 917 n. 8 (5th Cir.1982). That rule is inapplicable here. Pleading facts that bring one's state-law claims within ERISA’s express preemption provision, as the Heim-anns have done, does not have the effect of transforming the state-law claims into ERISA claims. It has the effect of extinguishing the state-law claims. See 29 U.S.C. § 1144(a); see also James F. Jorden et al., Handbook on ERISA Litigation § 2.03 (2d ed. Supp.1999) (“The legislative history behind [ERISA’s express preemption provision] ... makes it clear that Congress intended to supplant all state regulation of employee benefit plans with a uniform system.”).