**Ronald BERNARD, Jr. and Rachel Bernard Walters, as Co–Executors of the Estate of Robert Bernard, Sr. Plaintiffs**

v.

**MICHELIN NORTH AMERICA, INC. Defendant**

No. CIV.A. 1:01–CV–406.

United States District Court, E.D. Texas, Beaumont Division.

Sept. 17, 2001.

James Morris, Jr., Lindol Bruce Gregory, Wright & Pitre, Port Neches, TX, for Plaintiffs.

Matthew L. Hoeg, Thurston Corey Bailey, Andrews Kurth Mayer Day Caldwell & Keeton, Houston, TX, for Defendant.

## ORDER and MEMORANDUM

COBB, District Judge.

Before the court is Plaintiffs' Motion to Remand [Dkt. # 3], and the court having reviewed the motion and response on file is of the opinion that the motion be DENIED because Plaintiffs' claim is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").

Plaintiffs originally filed petition in Texas state court on May 23, 2001, asserting a breach of contract claim against Michelin North America ("Defendant"). On June 21, 2001, Defendant timely removed this lawsuit to the United States District Court for the Eastern District of Texas based upon federal question jurisdiction, namely that Plaintiffs' claim relates to and arises under ERISA, and thus is preempted by 29 U.S.C. § 1144(a), ERISA's preemption provision.

In the motion to remand, Plaintiffs argue this lawsuit merely involves a dispute over a breach of contract, and as such, does not implicate the preemptive powers of ERISA.

### Factual Background

On March 11, 1978, Ronald I. Bernard, Sr., agreed to take disability retirement from his employer, Goodrich–Gulf Chemicals, Inc. ("Goodrich"). Defendant later purchased Goodrich. The terms of Mr. Bernard's agreement with Goodrich were set forth in a document entitled "Goodrich–Gulf Chemicals, Inc. Disability Settlement Form" (the "Form"). The Form required Goodrich to maintain group life insurance for Mr. Bernard until he reached the age sixty-five in the amount of $25,000. The Form specifically stated that Mr. Bernard discharged Goodrich "from all further obligations under its Employee Benefit Programs, except its obligation to continue in force [Mr. Bernard's] Group Life and Hospitalization Insurance to the extent described in the applicable Programs." Mr. Bernard passed away on April 4, 2000, at the age of sixty-one. Mr. Bernard's co-executors ("Plaintiffs") made demand for payment on the life insurance policy and received approximately $5,000 as payment of full benefits under the policy. Plaintiffs then filed this suit to recover additional benefits they contend are owed Mr. Bernard's estate under the terms of the Form.

### Analysis

ERISA contains a preemption clause which states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employer benefit plan." 29 U.S.C. § 1144(a). Ordinarily, preemption of a state law claim would merely be a defense and would not support removal under the "well pleaded complaint rule," but ERISA preemption is so comprehensive in nature as to provide a basis for removal even though it is a defense. *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). State law claims, regardless of how they are pleaded, are preempted if they "relate to" an ERISA plan. *FMC Corp. v. Holliday,* 498 U.S. 52, 58, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990). The language of the ERISA preemption clause is deliberately expansive and has been construed broadly by federal courts. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Ingersoll–Rand v. McClendon,* 498 U.S. 133, 138–39, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *Corcoran v. United HealthCare, Inc.,* 965 F.2d

1321, 1328–29 (5th Cir.1992). ERISA's comprehensive preemption of state law affords employers the advantage of dealing with one set of uniform regulations, instead of fifty different sets of state regulations. *See Memorial Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236, 245 (5th Cir.1990).

In *Hubbard v. Blue Cross and Blue Shield,* 42 F.3d 942, 945 (5th Cir.1995), the court stated that ERISA preemption is applicable when:

> (1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries.

*See also Weaver v. Employers Underwriters, Inc.,* 13 F.3d 172, 176 (5th Cir.1994); *Memorial Hosp. Sys.,* 904 F.2d at 245. Both prongs of the test are met in the instant case.

First, Plaintiffs seek benefits allegedly owed under a group life insurance policy maintained by Defendant in accordance with the company's employee benefits program. The Form, signed by Mr. Bernard, required Defendant to maintain the life insurance policy to the extent described in the applicable program. To determine if Plaintiffs can recover the benefits they seek, the court will need to determine if Defendant violated the terms of its benefit program, which is governed by ERISA, when Defendant reduced Mr. Bernard's benefits. The merits of Plaintiffs' claim, therefore, addresses an area of exclusive federal concern—the interpretation of Defendant's ERISA-governed employee benefits program.

Second, the claim directly affects the relationship between traditional ERISA entities. Specifically, Plaintiffs' claim involves the interpretation of an employee benefit plan provided to Mr. Bernard, a participant, by his former employer.

Because Plaintiffs' claim "relates to an ERISA plan" and affects the relationship between traditional ERISA entities, ERISA preempts the Plaintiffs' state law claim. *See Hubbard,* 42 F.3d at 945. It is, therefore,

ORDERED, that Plaintiffs' Motion to Remand is hereby DENIED.