Barbara **WILKINSON**, et al. Plaintiffs

v.

**Ida J. HAWORTH, Home Care Services, Inc., Security Ballew, Inc., Manufacturers Life Insurance Company of North America, and Arthur J. Gallagher & Co. of Mississippi, Inc. Defendants**

Nos. 3:00CV732, 3:00CV734, 3:00CV735, 3:00CV736, 3:00CV737, 3:00CV738.

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 12, 2002.

B. Blake Teller, Teller, Chaney, Hassel & Hopson, Vicksburg, MS, for Plaintiffs.

Richard A. MacMillan, Nicholas Gachassin, III, Gachassin Law Firm, Lafayette, LA, for Defendants.

### OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of Defendant Manufacturers Life Insurance Company of North America ("Manulife") for Summary Judgment. The Court has considered the motion, attachments, and supporting and opposing authority and finds that the motion is well taken and should be granted.[1]

### Factual Background and Procedural History

Plaintiffs Barbara Wilkinson, Shirley Wood, James Morris Richards, Jennifer Curtis, Lisa Childress, Judy Barnes, Sonya Wood and Cynthia Stauts allege that as employees of Defendant Home Care Services, Inc. ("Home Care"), they were participants or beneficiaries in a cafeteria plan, medical insurance plan, and retirement/pension plan offered by their employer. Defendant Ida Haworth is purported to be the sole or majority stockholder of Home Care. Plaintiffs allege that Defendants Security Ballew, Inc. ("Ballew") and Arthur J. Gallagher & Co. of Mississippi, Inc. ("Gallagher & Co.") acted as manag-ers, trustees, consultants and/or administrators on the benefit plans offered by Home Care. Defendant Manulife acted as a service provider for a 401(k) retirement plan established by Home Care.

During the courses of Plaintiffs' employment with Home Care, deductions were taken from their paychecks to pay premiums and to fund the various benefit plans. Plaintiffs allege that their employer, through Haworth, failed to contribute the deducted amounts to the plans which resulted in under-funding of their cafeteria and retirement/pension plans. Plaintiffs also allege that Manulife withheld or provided misleading information regarding the retirement/pension plans and failed to notify them of the failure of their employer to make contributions to that plan.

On August 21, 2000, separate lawsuits were filed by Barbara Wilkinson, Shirley Wood, James Morris Richards, Jennifer Curtis, Lisa Childress, and Judy Barnes in the Circuit Court of the First Judicial District of Hinds County, Mississippi. The state court lawsuits were timely removed to federal court, in part, on the basis of complete preemption under the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. § 1001, *et seq.* The cases were

---

1. The docket shows that a suggestion of bankruptcy was filed by Defendant Ida J. Haworth on July 19, 2001. On July 20, 2001, Manulife filed the subject motion for summary judgment. The Court was notified on or about September 28, 2001, that the bankruptcy court had agreed to lift the automatic stay imposed by the filing of Haworth's bankruptcy petition to allow litigation in the above referenced cases to proceed. Thereafter the Court ordered Plaintiffs to respond to the motion for summary judgment on or before October 26, 2001.

On October 30, 2001, the Court entered an Order granting the Plaintiffs' motion for an extension of time in which to file their response. By this Order, the deadline for filing the response was to be scheduled by United States Magistrate Judge Alfred G. Nicols, Jr. at the case management conference scheduled for November 20, 2001. Manulife contends that Plaintiffs were granted until January 15, 2002, in which to respond to the motion for summary judgment.

On February 8, 2002, Plaintiffs again requested an extension of time in which to respond to the subject motion for summary judgment. Plaintiffs did not provide any justification for the requested extension or otherwise show cause as to the reasons an extension of time is warranted. The Court finds that as Plaintiffs have been granted ample time in which to respond to the subject motion it will not further extend the deadline for filing a response. The Court, therefore, has considered the subject motion on its merits.

consolidated on January 8, 2001. On April 20, 2001, an amended complaint was filed which added Sonya Wood and Cynthia Stauts as plaintiffs and Gallagher & Co. as a defendant. In the amended complaint Plaintiffs allege claims of (1) breach of contract, (2) fraud and intentional misrepresentation, (3) negligent misrepresentation, (4) tortious breach of contract, (5) conversion, (6) breach of fiduciary duty, (7) intentional or negligent infliction of emotional distress, and (8) violations of ERISA against Manulife. The Motion of Manulife for Summary Judgment on these claims is presently before the Court.

## II. Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.*, 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–24, 106 S.Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, . . . since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir.1962).

## III. Analysis

■ In support of its motion for summary judgment, Manulife first argues that all of the state law claims alleged by Plaintiffs are preempted under ERISA. The preemption clause of ERISA provides that ERISA "shall supercede any and all state laws insofar as they may now or hereafter relate to any employer benefit plan." 29 U.S.C. § 1144(a). Federal Courts have been directed to broadly construe the "deliberately expansive" preemption provision of ERISA. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (holding that the deliberately expansive language of the preemption provision was "designed to 'estab-

lish pension plan regulation as exclusively a federal concern.'") (quoting *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981)); *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir.1995). Under this provision, state law causes of action are barred in the event "(1) the state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and (2) the claim directly affects the relationship between the traditional ERISA entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Hubbard*, 42 F.3d at 945.

▌ The preemptive scope of ERISA, however, is not without limits. The United States Supreme Court has found that "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). Therefore, to fall within the ambit of ERISA preemption, the state law causes of action set forth by the plaintiff in his complaint, must "relate to" the employee benefit plan. *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138–39, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). Under this test, a "state law cause of action relates to an employee benefit plan whenever it has 'a connection with or reference to such a plan.'" *Hubbard*, 42 F.3d at 945. Preemption applies to bar state law claims "even if the action arises under general state law that in and of itself has no impact on employee benefit plans." *Lee v. E.I. DuPont de Nemours and Co.*, 894 F.2d 755 (5th Cir.1990).

 Plaintiffs, in support of the state law claims against Manulife, allege that it (1) failed to properly manage the retirement/pension plan of which they were participants, (2) failed to ensure that the plans were properly funded, (3) failed to inform Plaintiffs that the plans were not properly funded, (4) provided false or misleading information or otherwise withheld information about the plans, (5) made "unauthorized and injurious use of Plaintiffs' funds," and (6) "exercis[ed] dominion in exclusion or defiance of[ ] Plaintiffs' right to funds" under the plans. *See* Amended Complaint, ¶ El. The Court, finds that as all of Plaintiffs' state law claims against Manulife refer to actions allegedly taken in connection with the retirement/pension plan, all of the state law claims relate to a pension benefit plan for the purpose of ERISA preemption.

Plaintiffs' state law claims also seek to impose a duty on the part of Manulife to disclose the failure of their employer to make contributions to the retirement benefit plans. Under ERISA, however, an employer that maintains a ERISA qualified plan has the duty to notify the participants of its failure to make the required payments. *See* 29 U.S.C. § 1021(d)(1). The Court finds that, under ERISA, it was the duty of Home Care, as the sponsor of the subject retirement/pension plan, to inform Plaintiffs of its failure to make the required contributions to the plan. The Court additionally finds that, through their state law claims, Plaintiffs seek to impose a state-created duty on the part of Manulife to notify participants in a ERISA qualified plan of their employers failure to make contributions to that plan. This duty is not otherwise imposed by ERISA. As such, the Court finds that Plaintiffs' state law claims relate to the regulation of ERISA qualified benefit plans as they seek to impose duties with regard to the manner in which the plans are managed and administrated in addition to those imposed by federal law. Accordingly, the Court finds that Plaintiffs' state law claims relate to an ERISA qualified benefit plan for the

purpose of preemption under that statute. *See Lee,* 894 F.2d at 756.

Plaintiffs, through their state law claims, seek damages including the amount of benefits lost under their respective retire/pension plans because of the actions allegedly taken by Manulife. The Court finds that as computation of Plaintiffs' damages, should they succeed on their claims at trial, would require reference to the retirement benefit plans, all of Plaintiffs' state law claims relate to those plans for the purpose of ERISA preemption. *See Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290, 1294 (5th Cir.1989) (finding that a breach of contract claim was preempted by ERISA, in part, because the calculation of damages for a successful prosecution of that claim would require reference to a employment benefit plan). The Court additionally finds that as Plaintiffs seek to recover benefits they allege are owed under the terms of a pension benefit plan, their state law claims address an area of exclusive federal concern. *See* 29 U.S.C. § 1132(a)(1)(B) (creating civil enforcement under ERISA "to recover benefits due ... under the terms of [a pension benefit] plan"); *Hubbard,* 42 F.3d at 945 (holding that a the assertion of a plaintiff of a right to receive benefits under the terms of an ERISA plan is a claim that addresses an area of exclusive federal concern).

The Court finds that as both prongs for ERISA preemption are satisfied, all of Plaintiffs' state law claims alleged against Manulife are preempted under ERISA. *See e.g. Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (finding that state law claims of tortious breach of contract, and breach of fiduciary duty were preempted under ERISA in a case in which plaintiff sought remedy because of the improper processing of a claim under an ERISA qualified plan); *Dorn v. International Bhd. of Electrical Workers, Inc.,* 211 F.3d 938, 948 (5th Cir.2000) (finding that state law claim of conversion was preempted under ERISA because the claim addressed plaintiff's right to receive benefits under the terms of an ERISA plan); *Lee,* 894 F.2d at 757 (finding that state law claims based on alleged misrepresentations by his employer were preempted under ERISA); *Cefalu,* 871 F.2d at 1294 (finding preemption of breach of contract claim under ERISA); *Light v. Blue Cross and Blue Shield of AL.,* 790 F.2d 1247 (5th Cir.1986) (finding that plaintiff's state law claims of intentional and negligent infliction of emotion distress were preempted under ERISA). Accordingly, the Court finds that Manulife is entitled to summary judgment on the state law claims alleged by Plaintiffs, and that these claims should be dismissed with prejudice.

■ Manulife also argues that it is not liable for any violation of ERISA alleged by Plaintiffs in their amended complaint. In the amended complaint, Plaintiffs allege that Manulife provided false or misleading information, or otherwise withheld information regarding the retirement/pension benefits plan. The reporting and disclosure requirements of ERISA are set out in 29 U.S.C. § 1021 through 29 U.S.C. § 1031. Under these subsections, the administrator of an ERISA qualified plan is obligated to make the statutorily required disclosures and/or reports to, among others, employees, participants or beneficiaries, and designated federal agencies.

The term "administrator," as defined under 29 U.S.C. § 1002(16)(A)(i), is "the person specifically so designated by the terms of the instrument under which a plan is operated." The Court finds that if the Allocated Retirement Account contract ("ARA contract") entered by Manulife and Home Care is the instrument under which the subject retirement/pension plan operated, Manulife expressly disclaimed the

role of "Plan Administrator" in that contract. *See* Motion for Summary Judgment, Exhibit 3, Attachment A, ¶ 17 (indicating that Manulife did not "assume the responsibility of the Contractholder, Plan Administrator, Plan Sponsor or any other Fiduciary of the Plan."). The record also shows that the ARA contract does not name or otherwise identify an administrator for the plan. Therefore, for the purpose of ERISA, the plan sponsor would be considered the administrator of the plan. *See* 29 U.S.C. § 1002(16)(A)(ii) (providing that the term "administrator," in the event an administrator in not designated by the terms of the instrument under which the ERISA qualified plan is operated, is defined as the plan sponsor). The record shows that "Home Care Services, Inc." was identified as the Plan Sponsor in the ARA contract. As the plan sponsor, only Home Care had the obligation to make the statutorily required disclosures to Plaintiffs.

The Court finds that there does not exist a genuine issue of material fact with regard to whether Manulife was the administrator of the subject retirement/pension plan and, therefore, it was not obligated to furnish any reports or make disclosures to Plaintiffs under ERISA. Accordingly, the Court finds that Manulife is entitled to summary judgment on any claim arising under 29 U.S.C. § 1021 through 29 U.S.C. § 1031 alleged by Plaintiffs in the amended complaint.

■ Second, Plaintiffs allege that Manulife violated ERISA by failing to ensure that the plans were properly funded and failing to notify them of the failure of their employer to make the required contributions to the plan. As discussed above, under 29 U.S.C. § 1021(d)(1): "If an employer maintaining a plan ... fails to make a required installment or other payment required to meet the minimum funding

standard ..., the employer shall notify each participant and beneficiary of such failure." The evidence in the record clearly shows that Home Care was the employer of all Plaintiffs and that it maintained the subject retirement/pension benefit plan. There is no evidence in the record to show that the duty set forth in 29 U.S.C. § 1021(d)(1) was assumed, assigned, or otherwise transferred from Home Care to Manulife. *See* Motion for Summary Judgment, Exhibit 3. The Court, therefore, finds that there does not exist a genuine issue of material fact with regard to whether Manulife had a duty, under ERISA, to either ensure that the retirement/pension benefit plans were properly funded or to notify Plaintiffs of the alleged failure of their employer to make the requisite contributions. Accordingly, the Court finds that Manulife is entitled to summary judgment on Plaintiffs' claim that Manulife violated ERISA by these alleged failures.

■ Plaintiffs also allege that Manulife: (1) failed to properly manage the retirement/pension plan of which they were participants, (2) made "unauthorized and injurious use of Plaintiffs' funds," and (3) "exercis[ed] dominion in exclusion or defiance of[ ] Plaintiffs' right to funds" under the ERISA qualified plans. The Court construes these allegations as claims of breach of fiduciary duties under 29 U.S.C. § 1101 through 29 U.S.C. § 1114. A "fiduciary," for the purpose of ERISA, is a party that has an interest in the employment benefits plan including, but not limited to, an administrator, officer, trustee, or custodian. *See* 29 U.S.C. § 1002(14)(A).

A person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management or disposition of its assets, (ii) he renders invest-

ment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

The record show that Manulife expressly disclaimed the role of "Fiduciary of the Plan" by the terms of the ARA contract it entered with Home Care. *See* Motion for Summary Judgment, Exhibit 3, Attachment A, ¶ 17. Additionally, there is no evidence in the record to show that Manulife "exercised any discretionary authority respecting the management of the plan and disposition of its assets." *Donovan v. Mercer,* 747 F.2d 304, 308 (5th Cir.1984). *See* Motion for Summary Judgment, Exhibit 3, ¶ 5. Under the terms of the ARA contract, the services provided by Manulife included providing: (1) manuals and forms necessary to administer the retirement/pension plan, (2) record keeping, (3) statements regarding account activity, (4) a toll free information telephone number for plan participants, (5) preparing tax-related statements, and (6) payments of benefits. The United States Court of Appeals for the Fifth Circuit has held that a third party which performs such ministerial duties is not a fiduciary for the purpose of ERISA. *Reich v. Lancaster,* 55 F.3d 1034, 1047 (5th Cir.1995). *See also IT Corp. v. General American Life Ins. Co.,* 107 F.3d 1415, 1420 (9th Cir.1997) (holding that " 'persons who have no power to make any decisions as to plan policy, interpretation, practices of procedures' are not fiduciaries" (quoting 29 C.F.R § 2509.75–8 at D–2)).

The Court finds that Manulife, by the terms of the ARA contract, was only to perform ministerial duties with respect to the subject retirement/pension plan. The Court additionally finds that there is no evidence in the record to show that Manulife exercised discretionary control over the management of the plan, rendered investment advice, or had authority or discretionary responsibility in the administration the plan. The Court, therefore, finds that there does not exist a genuine issue of material fact with regard to whether Manulife was a fiduciary of the subject retirement/pension benefit plans or whether it violated any fiduciary duties in that capacity in violation of ERISA. Accordingly, the Court finds that Manulife is entitled to summary judgment on Plaintiffs' claim that it violated ERISA by breaching its fiduciary duties under that statute.

Having concluded that Manulife is entitled to summary judgment on all of the claims alleged by Plaintiffs in their amended complaint, the Court finds that the claims against this Defendant should be dismissed with prejudice. The claims alleged against Defendants Security Ballew, Inc. and Arthur J. Gallagher & Co. of Mississippi, Inc., remain for trial.

### IV. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant Manufactures Life Insurance Company of North America for Summary Judgment [34–1], docketed in Civil Action No. 3:00–cv–736, is hereby granted. All claims alleged against this Defendant are hereby dismissed with prejudice.

The claims alleged against Defendants Security Ballew, Inc. and Arthur J. Gallagher & Co. of Mississippi, Inc., remain for trial.