# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 1, 2021

Lyle W. Cayce
Clerk

No. 20-10998

Advanced Physicians, S.C.,

*Plaintiff—Appellant*,

*versus*

National Football League,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CV-2432

---

Before Davis, Duncan, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Advanced Physicians ("Advanced") appeals the district court's dismissal of its state-law tortious-interference claim against the National Football League ("NFL"). According to its complaint, Advanced began providing medical treatment to former NFL players in 2007. In exchange for that treatment, the players assigned to Advanced their health insurance

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

benefits under the NFL Player Insurance Plan ("Plan") so that Advanced could "receive payment from the Plan." The Plan, in turn, covered certain expenses that were "Medically Necessary." But it specifically excluded expenses "incurred in connection with an Occupational Disease or an Occupational Injury," along with expenses "incurred . . . in connection with an Injury or Sickness which is covered under any workers' compensation or similar law." Cigna Health and Life Insurance Company ("Cigna") was "the sole entity with the legal right to administer the medical benefits covered by the Plan."

Advanced treated dozens of NFL players between 2007 and 2014 and "received payment from Cigna with minimal difficulties." The payments eventually stopped. According to Advanced, this occurred because "the NFL directed Cigna to deny all of Advanced's claims as work-related." Advanced sued the NFL in Illinois state court, alleging that the NFL had tortiously interfered with its patient relationships in violation of Illinois law.

The NFL removed the case to the Northern District of Illinois on the theory that the Employee Retirement Income Security Act of 1974 ("ERISA") completely preempted Advanced's claim. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) (recognizing complete preemption under ERISA); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987) (holding that completely preempted state-law claims arise under federal law and are removable to federal court (citing 28 U.S.C. §§ 1331, 1441(b))). The district court agreed and upheld the NFL's removal. Then it transferred the case to the Northern District of Texas, where Advanced was litigating similar claims against Cigna. That court also found complete preemption under ERISA. So when Advanced refused to amend its complaint to state a valid ERISA claim, the district court dismissed it. Advanced timely appealed.

No. 20-10998

The Supreme Court has established a two-part test for determining when ERISA completely preempts a state-law claim. First, we must ask whether the plaintiff "could have brought his claim under ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210. We answer that question by identifying what the plaintiff is truly "complain[ing] . . . about." *Id.* at 211. If the "only action complained of" is the "denial[] of coverage promised under the terms of [an] ERISA-regulated employee benefit plan[]," *Davila*'s first requirement is satisfied. *Ibid.*; *see also* 29 U.S.C. § 1132(a)(1)(B). Second, we must ask whether the plaintiff's suit implicates a "legal duty . . . independent of ERISA or the plan terms." *Davila*, 542 U.S. at 210. We answer that question by reviewing the plaintiff's allegations alongside the state law on which they are based. *See id.* at 211–13. If "interpretation of the terms of [a] benefit plan[] forms an essential part" of the plaintiff's claim, *Davila*'s second requirement is satisfied. *Id.* at 213.

Here, the only action Advanced complained of was the NFL's "direct[ing] Cigna to deny all of Advanced's claims as work-related." In other words, the "essence" of Advanced's complaint is that the NFL wrongfully facilitated a coverage denial. *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 946 (5th Cir. 1995). ERISA § 502(a)(1)(B) allows beneficiaries like Advanced to vindicate that claim. *See* 29 U.S.C. § 1132(a)(1)(B).

Furthermore, interpreting an ERISA benefit plan forms an essential part of Advanced's tort claim. To prevail on its claim of tortious interference, Advanced must show that it had a "reasonable expectation of [maintaining] a valid business relationship" with its NFL patients. *Dowd & Dowd, Ltd. v. Gleason*, 693 N.E.2d 358, 370 (Ill. 1998) (quotation omitted). Advanced's complaint makes clear that its business relationship with NFL players hinged on those players being covered under the Plan: the relationship began when the players assigned their benefits to Advanced so that Advanced could

"receive payment from the Plan"; and the relationship faltered when Cigna and the NFL determined that the players were seeking treatment for "work-related" injuries not covered under the Plan. Whether the NFL players actually sought "work-related" treatment plainly requires interpreting the work-related exclusions in the Plan. So Plan interpretation is essential to Advanced's claim. Therefore, Advanced's tort claim is completely preempted.

AFFIRMED.