IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-30452
Summary Calendar
_____


ANNIE DOWDEN, also known as
Annie J. Dowden,

                                    Plaintiff-Appellant,

                        versus

BLUE CROSS & BLUE SHIELD OF
TEXAS, INC.,

                                    Defendant-Appellee.

_____

            Appeal from the United States District Court for
                    the Western District of Texas
                          (95-CV-1570)
_____
                      September 19, 1997

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

    Appellant Annie Dowden (Dowden) brought suit against Appellee

Blue Cross & Blue Shield of Texas, Inc. (Blue Cross) for an alleged

breach of a policy obligation to pay benefits for expenses incurred

in treatment for silicone breast implant complications.  Dowden

complains on appeal that the district court erred in granting

_____

    [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summary judgment against her, holding that the Employment Retirement Income Security Act (ERISA), § 29 U.S.C. 1132 (a)(1)(B) governs the facts in this case, and that Blue Cross rationally determined that the medical expenses which Dowden incurred were not medically necessary, and therefore, not covered under the insurance policy. We affirm.

## I. JURISDICTION

The district court properly exercised subject matter jurisdiction pursuant to 28 U.S.C. § 1441(b). A defendant may remove a case on grounds that the plaintiff has asserted a claim preempted by § 514(a) of ERISA. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987). ERISA comprehensively regulates, inter alia, employee benefit welfare plans that provide medical care or benefits in the event of sickness through the purchase of insurance. 29 U.S.C. § 1002(1); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45 (1987); *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236 (5th Cir. 1990).

ERISA's preemption clause dictates that ERISA "shall supersede any state causes of action insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The federal courts have broadly construed the "deliberately expansive" language of the ERISA preemption clause. *Corcoran v. United Healthcare, Inc.*, 965 F.2d 1321, 1328-29 (5th

2

Cir. 1992). A state cause of action relates to an employee benefit plan whenever it has "a connection with or reference to such a plan." *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995)(*quoting Corcoran*, 965 F.2d at 1329). If a state law claim addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan, then the claim falls in the province of the federal courts. *Hubbard*, 42 F.3d at 945.

Dowden's claim to recover medical expenses from Blue Cross "relates to an employee benefit plan" thus falling within the scope of ERISA's preemption provision. "It is clear that ERISA preempts a state law cause of action brought by an ERISA plan participant or beneficiary alleging improper processing of a claim for plan benefits." *Memorial Hosp.*, 904 F.2d at 245 (*citing Pilot Life Ins. Co.*, 481 U.S. at 1553). Dowden was insured under the group health insurance policy issued by her former employer. She continued to participate in the Blue Cross group policy even after she left her employment through the provisions of the Consolidated Omnibus Budget Reconciliation Act of 1985.

Dowden, as a former employee, comes under the rubric of ERISA as a participant, 29 U.S.C. §1002 (7). She is able to assert her claim pursuant to ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has held that any

3

suit falling within this provision, even if it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. *Metropolitan Life*, 481 U.S. at 62.

We agree with the district court that Dowden claims a violation of ERISA when she alleges a denial of benefits due under the Blue Cross policy. A federal question exists on her claim and the district court's exercise of jurisdiction was proper. *Hubbard*, 42 F.3d at 945.

## II. MEDICAL NECESSITY

Dowden's theory of recovery and the summary judgment entered against her rest upon whether Blue Cross as the plan administrator abused its discretion in interpreting the term "medically necessary" as expressly defined in the insurance contract.

A denial of ERISA benefits by a plan administrator is reviewed by the courts under a *de novo* standard unless the plan gives the plan administrator "discretionary authority to determine the eligibility for benefits or to construe the terms of the plan." *Duhon v. Texaco, Inc.*, 15 F.3d 1302, 1305 (5th Cir. 1994)(*quoting Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Contrary to Dowden's assertion, *Southern Farm Bureau Insurance Co. v. Moore*, 993 F.2d 98 (1993), does not stand

4

for the proposition that the court may look to general principles of common law or state law absent ERISA guidance on the interpretation of the plan. *Moore* states that because ERISA does not dictate the appropriate standard of review for evaluating benefit determinations of plan administrators, courts must first look to the plan terms to determine if the plan administrator has the discretionary authority to interpret the plan terms. 993 F.2d at 100.

The abuse of discretion standard is the appropriate standard of review to challenges to a plan administrator's interpretation of the plan terms when that plan grants the administrator the authority to make a final and conclusive determination of the claim. *Duhon*, 15 F.3d at 1305 (*citing Bruch,* 489 U.S. at 115). In applying the abuse of discretion standard, we analyze whether the plan administrator acted arbitrarily or capriciously. *Bellaire Gen. Hosp. v. Blue Cross Blue Shield*, 97 F.3d 822, 829 (5th Cir. 1996).

The district court correctly concluded that the contested plan grants Blue Cross "the exclusive and conclusive authority to determine coverage and benefits, and to interpret provisions of the plan, including whether treatment is medically necessary." In pertinent part, the contract provides that "[t]he operation of the plan requires decisions regarding eligibility and the construction of terms. In executing this Contract, the Employer

5

gives full and complete authority and discretion to the Carrier to make decisions regarding eligibility and benefits under this Contract. Such authority and discretion includes, but is not limited to, determination whether services, care, treatment or supplies are Medically Necessary . . . ." The contract also delineates which services are medically necessary such as those "essential to, consistent with and provided for the diagnosis or the direct care and treatment of the condition, sickness, disease, injury, or bodily malfunction," as well as those treatments "consistent with accepted standards of medical practice." Because the plan vests Blue Cross with such authority, judicial review is limited to determining whether substantial evidence exists in the record to support Blue Cross's decision that Dowden's treatment was medically unnecessary or whether its refusal to pay the submitted claim was arbitrary and capricious. *Bellaire Gen. Hospital*, 97 F.3d at 828 (5th Cir. 1996). "An arbitrary decision is one made without a rational connection between the known facts and the decision or between the found facts and the evidence. *Id.*, 97 F.3d at 828.

Dowden carries the burden of proving that Blue Cross arbitrarily and capriciously concluded that the medical test and treatments were medically unnecessary and therefore not covered under the policy. *Bayles v. Central States, Southeast, & Southwest Areas Pension Fund*, 602 F.2d 97, 99 (5th Cir. 1979).

6

We agree with the district court's finding  that Dowden has not satisfied her burden.  Blue Cross evidences an established procedure and policy for processing claims involving silicone breast implant patients.  Relying upon learned publications, Dr. Benjamin V. Carnovale, along with other medical and legal staff developed a written policy for the uniform processing of the claims of silicone breast implant patients.  Consistent with the insurance contract, the policy also enumerates which procedures are medically necessary.  We agree with the district court's finding that Blue Cross demonstrated a reasonable basis in the record in making its determination of non-coverage.  Dr Carnovale's application of Blue Cross's established policy and his ensuing interpretation of medical necessity does not appear to be arbitrary and capricious, inconsistent or evidence of a lack of good faith.

Dowden contends that in lieu of the definition expressly provided in the contract, medically necessary treatment should be defined by "medical experts" with great weight given to the opinion of the attending physician.  No evidence in the record exists nor does any legal authority stipulate that an attending physician's opinion should be granted more weight than the established policies and procedures of the plan administrator. To grant conclusive weight to the opinion of the attending physician would vitiate the discretionary authority expressly granted to Blue Cross in the contract.

7

Dowden further argues that the trial judge was "absolutely wrong and unjust" to defer to Dr. Carnovale's determination that the disputed claim was not medically necessary. Despite Dowden's contention, it is indeed proper for the district court to exercise deference to the plan administrator's interpretation when the plan grants the plan administrator discretionary authority to interpret the plan. *Sunbeam-Oster Co. Group Ben. Plan v. Whitehurst*, 102 F.3d 1368, 1373 (5th Cir. 1997); *Pierre v. Connecticut Gen. Life Ins. co.*, 932 F.2d 1552, 1562 (5th Cir.), *cert. denied*, 502 U.S. 973 (1991)("Federal courts owe due deference to an administrator's factual conclusions that reflect a reasonable and impartial judgment.").

Finally, Dowden's allegation, that Blue Cross did not assert, in its answer, an affirmative defense that applies to the district court's decision, is without merit. Blue Cross affirmatively asserted its defense that Dowden's claims were not covered by the ERISA plan and were not medically necessary within the terms, condition and exclusions of the policy as legally construed by the plan administrator. Further, there is no requirement that Blue Cross rely on a fiduciary in order to fall within the abuse of discretion standard governing the interpretation the contract. Blue Cross may rely on its own plan administrator to interpret the contract of insurance. *Bruch*, 489 U.S. at 115.

We find no error in the district court's holding that the ERISA plan vests discretionary authority in Blue Cross to make determinations as to the medical necessity of treatments, and that Blue Cross did not abuse its discretion in refusing to pay Dowden's claims under Blue Cross's interpretation of the plan terms.

AFFIRMED.