IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-11006
Summary Calendar
_____

KURT HORSLEY,

Plaintiff-Appellant,

versus

DELTA FAMILY CARE DISABILITY
AND SURVIVORSHIP PLAN,

Defendant-Appellee.

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 4:99-CV-811-A)
_____
February 14, 2001

Before REAVLEY, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Kurt Horsley, plaintiff below, was a participant in an employee benefit

plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§

1001-1461. The defendant plan agreed to pay Horsley certain disability benefits but

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

eventually denied further disability payments. We have reviewed the record de novo, and agree with the district court that the plan was entitled to summary judgment. The district court correctly noted that the plan's administrative committee had discretionary authority under the plan to make benefit determinations. Where the plan administrator is vested with discretionary authority to determine eligibility for benefits, its denial of benefits is reviewed for abuse of discretion. See Threadgill v. Prudential Sec. Group, Inc., 145 F.3d 286, 292 (5th Cir. 1998). More specifically, where the administrator has such discretionary authority, we review the administrator's interpretation of the terms of the plan for abuse of discretion. See Rhorer v. Raytheon Eng'rs & Constructors, Inc., 181 F.3d 634, 639-40 (5th Cir. 1999); Matassarin v. Lynch, 174 F.3d 549, 563 (5th Cir. 1999), cert. denied, 528 U.S. 1116 (2000). The administrator's factual determinations relating to plan benefits are reviewed under the abuse of discretion standard as well. See Sweatman v. Commercial Union Ins. Co., 39 F.3d 594, 597-98 (5th Cir. 1994); Pierre v. Connecticut Gen. Life Ins. Co., 932 F.2d 1552, 1562 (5th Cir. 1991).

Under the abuse of discretion standard, "federal courts owe due deference to an administrator's factual conclusions that reflect a reasonable and impartial judgment." Id. "In applying the abuse of discretion standard, we analyze whether the plan administrator acted arbitrarily or capriciously." Dowden v. Blue Cross & Blue Shield of Tex., Inc., 126 F.3d 641, 644 (5th Cir. 1997); Sweatman, 39 F.3d at 601 (quoting Salley v. E.I. DuPont de Nemours & Co., 966 F.2d 1011, 1014 (5th Cir. 1992)). We have stated that "[a]n arbitrary decision is one made without a rational connection between the known facts and

2

the decision or between the found facts and the evidence." <u>Dowden</u>, 126 F.3d at 644 (5th Cir. 1997) (quoting <u>Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.</u>, 97 F.3d 822, 828 (5th Cir. 1996)).

We agree with the district court that on this record the administrative committee did not abuse its discretion in terminating disability benefits to Horsley. While Horsley focuses on records generated by his treating physicians and consistent with his claim of total and continuing disability, the district court correctly noted that we have not adopted a "treating physician rule" requiring the administrator to accept the opinion of a treating physician. <u>See</u> <u>Salley</u>, 966 F.2d at 1015-16. In light of the substantial evidence before the committee supporting its conclusion that disability benefits under the plan should end, including the opinions of several medical professionals, we cannot say that the committee abused its discretion in terminating such benefits.

AFFIRMED.