# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 7, 2007

Charles R. Fulbruge III
Clerk

No. 07-20016

QUALITY INFUSION CARE INC

Plaintiff - Appellant

V.

AETNA LIFE INSURANCE COMPANY INC

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-2929

Before Reavley, Smith, and Garza, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Quality Infusion Care, Inc. brought suit under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. against Aetna Life Ins. Co. Quality contends that Aetna wrongfully denied claims for benefits related to services performed by Quality for R.A., who was indisputably covered under the employee welfare benefits plan funded by a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

group insurance policy issued by Aetna.[1]  Quality appeals the district court's grant of summary judgment to Aetna.  For the following reasons, we affirm the district court's judgment.

1.    We review the district court's grant of summary judgment de novo. Texas Indus., Inc. v. Factory Mut. Ins. Co., 486 F.3d 844, 846 (5th Cir. 2007).  Summary judgment is appropriate if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

2.    Quality alleges that summary judgment to Aetna is improper because Aetna ignored medical information submitted by Quality and because Aetna's reviewing nurses and physicians were not qualified to determine whether treatment Quality provided to R.A. was medically necessary.

Quality's arguments fail.  Aetna did not ignore the medical information submitted by Quality.  It merely relied on its pre-published clinical policy specifying when intravenous immunoglobulin ("IVIG") treatments are considered medically necessary and determined that the criteria was not met. We have held that an insurer's reliance on a pre-published plan to determine what is "medically necessary" can be reasonable under ERISA. Dowden v. Blue Cross & Blue Shield of Texas, Inc., 126 F.3d 641, 644 (5th Cir. 1997).   And, contrary to Quality's contention, Aetna accurately followed its pre-published policy, Aetna Clinical Policy Bulletin 206 ("CPB 206"), when denying Quality's request that it

---

[1]  R.A. assigned his rights, benefits, and claims under the plan to Quality, including the right to receive payments for benefits.  Aetna does not challenge Quality's status as a valid assignee.

cover the IVIG services provided to R.A. CPB 206 plainly precludes coverage for R.A.'s treatments, so we find no merit to Quality's contention that Aetna's reviewers were unqualified to make this determination. Because Quality does not argue that CPB 206's requirements are improper, there is no basis to hold that Aetna wrongfully denied coverage for Quality's services.

AFFIRMED.