**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2012

No. 11-40953

Lyle W. Cayce
Clerk

STEPHEN ROBERT HERRING and MICHAEL HERRING

Plaintiffs-Appellees

v.

EILEEN M. CAMPBELL, as Plan Administrator of Marathon Oil Company
Thrift Plan

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas

Before JOLLY, HIGGINBOTHAM, and DENNIS, Circuit Judges.
PATRICK E. HIGGINBOTHAM, Circuit Judge:

In this ERISA benefits case, the plan administrator appeals the district court's judgment that a deceased plan participant's stepsons, rather than his siblings, are entitled to the deceased's benefits. We REVERSE.

**I.**

John Wayne Hunter passed away in October 2005. Hunter had retired from employment with Marathon Oil Company and was a participant in the Marathon Oil Company Thrift Plan, a pension plan governed by the Employee Retirement Income Security Act. The Plan allowed Hunter to designate a primary and second beneficiary. In 1990 and again in 2001, Hunter designated

No. 11-40953

as his primary beneficiary his wife, Joyce Mae Hunter, and no secondary beneficiary. After Joyce Mae's death in 2004, Hunter did not designate a new Plan beneficiary.

When a Plan participant dies without designating a valid beneficiary, the Plan provides for the distribution of the decedent's benefits to one of five classes in the following order of priority:

A.  The member's surviving spouse

B.  The member's surviving children

C.  The member's surviving parents

D.  The member's surviving brothers and sisters

E.  The executor or administrator of the member's estate.

After Hunter passed away, the Plan Administrator considered, and rejected, the possibility that Hunter's stepsons, Stephen and Michael Herring, might be entitled to Hunter's benefits. Because Hunter's spouse had predeceased him and he had no surviving parents and no biological or legally adopted children, the Plan Administrator distributed the benefits, which totaled more than $300,000.00, to Hunter's six siblings.

About two years later, the Herrings challenged the distribution, arguing that they were Hunter's "children" and should have been given priority over Hunter's siblings. Citing their close relationship with Hunter, the fact that Hunter left his estate to them, and the fact that Hunter referred to them as his "beloved sons" in his will, the Herrings suggested that they were entitled to Hunter's benefits under the Texas probate law doctrine of "equitable adoption" ("adoption by estoppel"). The Plan Administrator conducted a second review and again determined that Hunter's stepsons were not entitled to collect benefits under the Plan. The Herrings then filed suit.

After a bench trial, the district court found for the Herrings and denied the Plan Administrator's counterclaim for a declaratory judgment, concluding that

No. 11-40953

the Plan Administrator "abused her discretion by failing to consider the Herrings' claims of adoption by estoppel." After the Plan Administrator filed a motion for reconsideration, the district court issued an order modifying some of its findings of fact and conclusions of law but did not alter its judgment. The Plan Administrator timely appealed.

## II.

We review de novo a district court's determination of whether a plan administrator abused her discretion or improperly denied a claim for benefits.[1] We review factual findings underlying the district court's decision for clear error.[2]

Where, as here, "the plan gives the plan administrator 'discretionary authority to determine the eligibility for benefits or to construe the terms of the plan,'" the plan administrator's interpretation of plan terms is reviewed for abuse of discretion.[3] This is a two-step process: we first ask whether the plan administrator's interpretation was "legally correct."[4] If it was, the inquiry ends there; if not, we ask whether the plan administrator's decision was an abuse of discretion.[5]

## III.

In determining whether a plan administrator's interpretation is legally correct, this court considers three factors: (1) whether the plan administrator has given the plan a uniform construction; (2) whether the plan administrator's

---

[1] *Sweatman v. Commercial Union Ins. Co.*, 39 F.3d 594, 601 (5th Cir. 1994).

[2] *Threadgill v. Prudential Sec. Group*, 145 F.3d 286, 292 (5th Cir. 1998).

[3] *Dowden v. Blue Cross & Blue Shield*, 126 F.3d 641, 643-44 (5th Cir. 1997) (quoting *Duhon v. Texaco, Inc.*, 15 F.3d 1302, 1305 (5th Cir.1994)).

[4] *Pickrom v. Belger Cartage Serv., Inc.*, 57 F.3d 468, 471 (5th Cir. 1995).

[5] *See id.*

interpretation is consistent with a fair reading of the plan; and (3) whether different interpretations of the plan will result in unanticipated costs.[6]

Our consideration of those factors reveals no error in the Plan Administrator's interpretation. During her initial review, the Plan Administrator found that the Plan had not previously determined whether the term "children" as used in the Plan included stepchildren who had not been legally adopted. She concluded that the term "children" meant biological or legally adopted children based on (1) the need for a uniform standard for determining who were "children" under the Plan; (2) the administrative need for a practical and objective mechanism to avoid potentially burdensome and expensive investigations into a claimant's status; and (3) her conclusion that the exclusion of stepchildren from the definition was most likely to align with the expectations of the majority of Plan participants. The Plan Administrator was particularly concerned that many Plan participants would not necessarily expect stepchildren to benefit from the Plan absent affirmative designation by the participant since, in many cases, stepparents and stepchildren might not have a close relationship and participants with both biological and stepchildren might not expect both to benefit. When she reviewed her initial determination after the Herrings' 2008 challenge, the Plan Administrator applied these same considerations and also considered that including "equitably adopted" individuals under the definition of "children" would create substantial uncertainties and additional expenses for the Plan by giving rise to disputes about whether individuals had been "equitably adopted."

The Plan Administrator properly focused on providing a uniform interpretation and considered that the definition urged by the Herrings would result in unanticipated costs. The Herrings have not shown that her

---

[6] *Id.*

interpretation was in any way inconsistent with a "fair reading" of the plan. Citing cases in which courts have looked to state law to determine the identity of an ERISA plan beneficiary's spouse, the Herrings argue that the Plan Administrator should have considered whether they were equitably adopted under Texas law because equitable adoption "relates and defines" a "familial relationship." The Herrings misunderstand the doctrine of equitable adoption. "Equitable adoption" or "adoption by estoppel" of a child occurs when "one . . . promises or acts in a way that precludes the person and his or her estate from denying adopted status to the child."[7] The doctrine has no broader application and does not create a legal parent-child relationship.[8] Nothing in the Plan or ERISA required the Plan Administrator to incorporate the concept of equitable adoption into the Plan definition of "children."[9]

## IV.

Because the Plan Administrator's interpretation of the term "children" was legally correct, the district court erred when it set aside the Plan Administrator's decision and granted judgment for the Herrings.

REVERSED.

---

[7] BLACK'S LAW DICTIONARY 52 (8th ed. 2004); *see, e.g.*, *Heien v. Crabtree*, 369 S.W.2d 28, 31 (Tex. 1963) (explaining that equitable adoption functions narrowly "to enforce the rights of the child under [an unperformed] agreement to adopt" (quotation marks and citation omitted)).

[8] *See Heien*, 369 S.W.2d at 30.

[9] Whether an "equitable adoption" even occurred in the Herrings' case is a separate question, which we do not reach.