**Mike WILLIAMS and Mike Williams Insurance, Ltd. Plaintiffs**

v.

**Leslie SMITH d/b/a Leslie Smith & Associates, American Medical Security, Inc., a Wisconsin Corporation Defendants**

**No. CIV.A.4:04 CV 99LN.**

United States District Court,
S.D. Mississippi,
Eastern Division.

Dec. 8, 2004.

Henry W. Palmer, Lawyers, PLLC, Meridian, MS, for Plaintiffs.

Rebecca Adelman, The Adelman Firm, Memphis, TN, Kenna L. Mansfield, Jr., Wells, Marble & Hurst, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiffs Mike Williams and Mike Williams Insurance, Ltd. to remand pursuant to 28 U.S.C. § 1447. Defendants Leslie Smith d/b/a Leslie Smith & Associates and American Medical Security have responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be denied.

The question presented by the present motion is whether plaintiff's claims in this cause, or any of them, are governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (ERISA). The facts alleged to give rise to the claims

are rather straightforward. Plaintiff Mike Williams is an independent insurance agent. In 2001, he attended a seminar at which Leslie Smith, along with other representatives of American Medical Security (AMS), introduced a medical insurance product for agents to sell to their clients for medical protection for their employees. Williams alleges that Smith and AMS represented that "the product if maximum funded would require no additional insurance premiums from the agents' clients for covered medical expenses." Williams alleges that in reliance on Smith's and AMS's representations regarding the product, he undertook to sell the product to a number of his business clients, including Bruister and Associates and USA Fabrics, which purchased one-year policies. However, prior to the expiration of the policies, AMS advised both of Williams' clients that they would have to pay additional premiums under the policies in order for AMS to continue to pay covered claims.[1] As to Bruister, AMS advised that it would have to pay an additional $27,936.81 in order for AMS to pay covered claims, which amount, according to Williams, was "in addition to the maximum funding that Bruister & Associates had already paid." Williams paid the $27,936.81 on behalf of Bruister to secure payment of Bruister's employees' claims, and Bruister in turn assigned to Williams its right to pursue AMS for breach of agreement.

In the case of USA Fabrics, AMS advised that its policy was insufficiently funded and that it would not honor the covered claims of USA Fabrics' employees. USA assigned to Williams its right to pursue AMS and Smith for breach of agreement.

Based on these allegations, Williams alleges claims against Smith

for breach of fiduciary relationship, failing to comply with the agreement to cover employees of Bruister & Associates, USA Fabrics, G.B. "Boots Corporation and H.C. Watkins Hospital while maximum funding their plans, wrongful withholding of commission, lost business opportunities and specific performance."

He alleges claims against AMS

for breach of fiduciary relationship, failing to comply with agreement with employees of Bruister & Associates, USA Fabrics in paying covered medical expenses after maximum funding of premiums and specific performance.

As relief, he seeks damages of $27,936.81 for breach of the contract with Bruister & Associates, and seeks specific performance to require defendants to perform the agreement with USA Fabrics.

Defendants removed the case on the basis that this is an action to recover benefits and/or monies allegedly due pursuant to an "employee welfare benefit plan" under ERISA, and that as such, plaintiffs' claims are governed by ERISA, which has preempted any state law claims they may have.

In the motion to remand, memorandum in support, and in the rebuttal brief, plaintiffs do not dispute defendants' assertion

---

1. Williams alleges that he also sold the product to two other clients, GB Boots Smith and H.C. Watkins Hospital, though there is no suggestion that the claims involving these two clients support jurisdiction under ERISA. Williams alleges that GB Boots Smith bought a policy from him and that Leslie Smith failed to secure re-insurance as a result of which GB Boots Smith's employees could not get their covered expenses paid. The client became frustrated and discontinued using Williams as an insurance agent.

Williams alleges that although he was the agent who sold policies to H.C. Watkins Hospital and identified himself as such on the application, Leslie Smith used white-out to remove Williams' name and substituted his own in its place so that he would receive the commission to the exclusion of Williams.

that the medical insurance products sold to Bruister and USA Fabrics were part of an employee welfare benefit plan under ERISA. ERISA defines "employee welfare benefit plan" as:

> any plan, fund, or program ... established or maintained by an employer ... to the extent that such a plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits....

29 U.S.C. § 1002(1). As noted by defendants, the complaint alleges that the subject plans were established and maintained by Williams' clients, Bruister and USA Fabrics, for the benefit of their employees and were funded, at least in part, through the purchase of insurance products through or from AMS.

■ ERISA's preemption clause states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employer benefit plan." 29 U.S.C. § 1144(a) (expressly excepting two situations not applicable here). A state cause of action relates to an employee benefit plan whenever it has "a connection with or reference to such plan." *Hubbard v. Blue Cross & Blue Shield Assoc.*, 42 F.3d 942, 945 (5th Cir. 1995) (citations omitted). To determine whether a claim is preempted by ERISA,

the Fifth Circuit has directed application of a two-prong test, which asks: "(1) whether the claim addresses areas of exclusive federal concern and not of traditional state authority, such as the right to receive benefits under the terms of an ERISA plan, and (2) whether the claim directly affects the relationship among traditional ERISA entities—the employer, the plan and its fiduciaries,[2] and the participants and beneficiaries." *Hobson v. Robinson*, 75 Fed.Appx. 949, 953, 2003 WL 22183558, *3 (5th Cir.2003).

■ In the court's opinion, the claims asserted by Williams in his own right, and not as an assignee of Bruister and USA Fabrics, are not preempted by ERISA. Williams alleges that he has been injured in his business as a result of selling products in reliance on alleged misrepresentations by defendants relating to those products. For the harm he claims to have sustained to his business and business reputation, Williams is suing merely as the agent who sold an ERISA-governed insurance policy; he is not an ERISA fiduciary, nor, obviously, is he a plan participant or beneficiary, or the Secretary of Labor, and he thus lacks standing to sue under ERISA, *see* 29 U.S.C. § 1132.[3] However, to the extent he is suing as the employers' assignee, not only does he have standing, but in the court's opinion, his claims against the insurer, AMS, in that capacity are completely preempted by ERISA.

---

**2.** Congress defined a plan fiduciary as a person (i)[who] exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii)[who] renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii)[who] has any discretionary authority or discretionary responsibility in the administration of such plan. 29 U.S.C. § 1002(21)(A).

**3.** Section 502 of ERISA, 29 U.S.C. § 1132(a) .(1976), provides that a civil action may be brought under ERISA by a plan "participant," "beneficiary," or "fiduciary," or by the Secretary of Labor, stating, in part, as follows:

> (a) Persons empowered to bring a civil action A civil action may be brought—
> (1) by a participant or beneficiary—
> (A) for the relief provided for in subsection (c) of this section, or
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights

In *Hobson v. Robinson,* 75 Fed.Appx. 949, 955, 2003 WL 22183558, *4 (5th Cir. 2003), the Fifth Circuit reiterated a point implicit, if not explicit, in the court's numerous decisions on the subject of ERISA preemption, which is this: "[T]he important factor in ERISA preemption is the relationship between the parties involved in the claim itself and whether that claim is intricately bound with an ERISA plan." The court further emphasized that a "critical factor" in the determination of whether or not a particular claim is covered is whether the claim requires interpretation and administration of the ERISA policy. *Id.* Here, the claims at issue require interpretation of the policy to ascertain whether AMS had the right under the terms of the plan either to demand additional sums or to condition continued processing and payment of claims on the payment of additional premiums. That being the case, it follows that these claims are preempted by ERISA. *See id.* and numerous cases cited therein.[4]

Accordingly, it is ordered that plaintiffs' motion to remand is denied.

---

under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

(4) by the Secretary, or by a participant, or beneficiary for appropriate relief in the case of a violation of 1025(c) of this title;

29 U.S.C.A. § 1132. That provision, 29 U.S.C. § 1132(e)(1), also confers exclusive jurisdiction on federal courts to hear these actions.

4.   "Section 502 [1132(a)], by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action." *Giles v. NYLCare Health Plans, Inc.,* 172 F.3d 332, 337 (5th Cir.1999). "Complete preemption permits removal to federal court because the cause of action arises under federal law." *Ellis v. Liberty Life Assur. Co. of Boston,* 394 F.3d 262, 276, 2004 WL 2635692, *8 (5th Cir.2004)(citing *Giles* ).