William **SHERMAN**, Plaintiff,

v.

**LEXINGTON CONCRETE AND BLOCK COMPANY,**
Defendant.

Civil Action No. 3:12CV298TSL–MTP.

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 27, 2012.

Yancy B. Burns, Burns & Associates, PLLC, Jackson, MS, for Plaintiff.

Paul Michael Ellis, Paula Graves Ardelean, Butler, Snow, O'Mara, Stevens & Cannada, Ridgeland, MS, for Defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Lexington Concrete and Block Company to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff William Sherman opposes the motion, and the court, having considered the memoranda and pleadings, concludes that the motion is well taken and should be granted.

On March 28, 2012, plaintiff brought this action in the Circuit Court of Holmes County, Mississippi, against defendant Lexington Concrete and Block Company (Lexington), his former employer. Thereafter, on April 30, 2012, Lexington timely removed the action, asserting federal question jurisdiction under 28 U.S.C. § 1331, because the complaint, in addition to claims predicated on state law, asserted a claim or claims that defendant violated the Employee Retirement Income Security Act (ERISA) as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA). Plaintiff did not seek remand and the court is advised that the parties have settled the ERISA claims. By its motion, defendant takes the position that plaintiff's state law claims are preempted by ERISA because they relate to an ERISA benefit plan.

The facts, construed in the light most favorable to plaintiff, are as follows: Following his resignation from Lexington due to safety concerns, Sherman notified defendant of his election to continue his health insurance coverage under COBRA. Despite defendant's September 14, 2011 approval of eighteen months of COBRA benefits, on February 12, 2012, it terminated his COBRA benefits, ostensibly based on plaintiff's failure to pay the premiums. Plaintiff further alleges that defendant failed to provide him with required COBRA notices, that the COBRA notices with which he was provided were incomplete or inaccurate and that defendant failed to reinstate his COBRA benefits after he cured his payment default within the thirty-day grace period provided under COBRA. On account of these failures, which are alleged to have been taken in retaliation for plaintiff's having reported OHSA violations and for having made a workers' compensation claim, the complaint purports to set forth state law claims for intentional misrepresentation, fraudulent inducement, fraudulent concealment, breach of fiduciary duty or quasi-fiduciary duties, breach of duty of good faith and fair dealing, and negligent misrepresentation. Plaintiff seeks actual damages for the loss of medical benefits and lack of access to medical care, as well as punitive damages to deter defendant from future wrongful conduct.

ERISA's preemption clause states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a) (expressly excepting two situations not applicable here). As the court has previously observed:

A state cause of action relates to an employee benefit plan whenever it has

"a connection with or reference to such plan." *Hubbard v. Blue Cross & Blue Shield Assoc.*, 42 F.3d 942, 945 (5th Cir. 1995) (citations omitted). To determine whether a claim is preempted by ERISA, the Fifth Circuit has directed application of a two-prong test, which asks: "(1) whether the claim addresses areas of exclusive federal concern and not of traditional state authority, such as the right to receive benefits under the terms of an ERISA plan, and (2) whether the claim directly affects the relationship among traditional ERISA entities-the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Hobson v. Robinson*, 75 Fed. Appx. 949, 953, 2003 WL 22183558, *3 (5th Cir.2003).

*Williams v. Smith*, 350 F.Supp.2d 739, 742 (S.D.Miss., 2004).

■ Here, defendant correctly argues that both prongs of ERISA preemption are satisfied, as plaintiff's state law claims address an area of exclusive federal concern in that the crux of each of his claims is that Lexington denied him his right to receive COBRA notices and benefits, *see Hollis v. Provident Life and Acc. Ins. Co.*, 259 F.3d 410, 414 (5th Cir.2001) (claim of right to receive benefits under an ERISA plan addresses area of exclusive federal concern), and as plaintiff's state law claims call into question its role as plan fiduciary and/or administrator and plaintiff's rights as a plan participant or beneficiary, *see Bank of Louisiana v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 243 (5th Cir.2006) (second prong of inquiry satisfied when "claim itself created a relationship between the plaintiff and defendant that is so intertwined with an ERISA plan that it cannot be separated").

■ Plaintiff's arguments in opposition are unavailing. Plaintiff first contends that the motion must be denied and discovery permitted because he has not conceded and defendant has not proven that its health insurance policy is governed by ERISA; but this argument ignores the fact that in his complaint, plaintiff pled the existence of an ERISA plan whose benefits and required notices were denied to him by Lexington. Plaintiff additionally attempts to finely parse his claims so as to avoid preemption, stating,

> the state claims do not relate to the employer's administration of the plan, but on the contrary, relate to the employer's willful refusal to administrate the plan at all, and its willful bad faith refusal to reinstate his health insurance policy for reasons unrelated to plan administration or any issue touching on ERISA preemption."

However, it is not the law that claims based on an employer's failure to properly administer an ERISA plan remove the claims from ERISA's purview. *See E.I. DuPont de Nemours & Co. v. Sawyer*, 517 F.3d 785, 800 (5th Cir.2008) (employee's claim that either he was wrongfully denied benefits due under terms of employer's ERISA plan or that plan was improperly administered address area of exclusive federal concern). Accordingly, defendant's motion will be granted.

Based on the foregoing, it is ordered that defendant's motion to dismiss is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.